**Case No. 23-3189**

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Dist. Ct. Case No. 3:10cr00004 |
| Plaintiff/Appellee, | |
| -vs- | On Appeal from the United States District Court, Northern District of Ohio, Western Division |
| TIMOTHY JAIMEZ, | |
| Defendant/Appellant | |

**CORRECTED BRIEF OF APPELLANT**
(Oral Argument Requested)

Andrew R. Schuman (0072950)
Counsel for Appellant
610 Fifth Street
Bowling Green, Ohio 43402
(419) 352-9999

Ava R. Dustin (0059765)
Alissa M. Sterling (0070056)
Assistant United States Attorneys
Counsel for Appellee
United States Attorney's Office
Four Seagate, Suite 308
Toledo, Ohio 43604
(419) 259-6376

# **TABLE OF CONTENTS**

*Page*

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Issue Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument & Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      ARGUMENT:

      THE DISTRICT COURT ERRED WHEN DETERMINING THE GUIDELINE RANGE APPLICABLE TO APPELLANT'S OFFENSES OF CONVICTION, THEREBY RENDEREING HIS SENTENCE PROCEDURALLY UNREASONABLE.

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Addendum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# **TABLE OF AUTHORITIES**

***Cases***                                                                                                       ***Page***

*Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) . . . . . . . . . .  9, 11

*Rita v. United States,* 127 S. Ct. 2456 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*U.S. v. Biheiri* 356 F.Supp.2d 589 (E.D.Va. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..11

*United States v. Bolds,* 511 F.3d 568 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 10

*U.S. v. Booker,* 125 S.Ct. 738 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .10

*United States v. Conaster,* 514 F.3d 508 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*United States v. Copeland,* 321 F.3d 582 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Dyck,* 334 F.3d 736 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*United States v. Webb,* 403 F.3d 373, 385 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

***Statutes***

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .passim

## **STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Sixth Circuit Rule 34(a), Appellant Timothy Jaimez respectfully requests oral argument because the court's consideration of the issues presented by this appeal may be assisted or advanced by the presence of counsel for the parties before the court to comment upon the issues and respond to inquiries from the court.

## JURISDICTIONAL STATEMENT

This is a federal criminal prosecution arising out of acts occurring in the Northern District of Ohio. Mr. Jaimez was originally charged with being part of a drug conspiracy in 2011, was convicted in 2015 and sentenced to 120 months in prison. He was charged with a violation of his supervised release in this case. The district court below exercised jurisdiction pursuant to 18 U.S.C. § 3231 and Federal Rule of Criminal Procedure 18.

This is an appeal as of right, taken pursuant to Federal Rules of Appellate Procedure 3 and 4, from the district court to the Sixth Circuit Court of Appeals with jurisdiction over this district. Jurisdiction is proper under 28 U.S.C. § 1291, and under 18 U.S.C. § 3742[1] with regard to the sentencing issues. The judgment from which this appeal is being taken was entered by the district court on February 24, 2023. See Sentencing Transcript; record entry number 9 on this court's docket and record entry number 381 in Case 3:10-cr-00004-JGC-2 in the docket of the district court). A timely Notice of Appeal was filed on March 2, 2023. This is an appeal from a final order or judgment that disposes of all parties' claims.

## **STATEMENT OF THE ISSUE PRESENTED FOR REVIEW**

Whether Appellant Timothy Jaimez's sentence was procedurally and substantively unreasonable where the given sentence was greater than necessary to achieve the goals of 18 U.S.C. §3553(a)?

## STATEMENT OF THE CASE

Mr. Jaimez was originally charged with being part of a drug conspiracy in 2011 and was convicted in 2015 and sentenced to 120 months. He was charged with violating his supervised release in this case for garnering additional drug charges and for associating with felons. Mr. Jaimez was sentenced to 60 months imprisonment as well as six more years of supervised release for violating his supervised release. (Sentencing Hearing Transcript 62, 63).

After violating his supervised release, a hearing was held, and the trial court sentenced Mr. Jaimez to five years in prison. Mr. Jaimez accepted responsibility and stipulated to a violation of supervised release. Mr. Jaimez now takes this appeal.

## **SUMMARY OF ARGUMENT**

The district court abused its discretion and imposed a substantively and procedurally unreasonable sentence in this case. The given sentence was procedurally unreasonable because the judge failed to sufficiently address the factors set forth in 18 U.S.C. § 3553(a), as they would apply to this case. Furthermore, the sentence was substantively unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

These errors resulted in a sentence that was both procedurally and substantively unreasonable, and require that Petitioner be remanded for his sentence to be corrected.

**ARGUMENT**

*Standard of Review*

A constitutional challenge to defendant's sentence is reviewed *de novo. United States v. Copeland,* 321 F.3d 582, 601 (6th Cir. 2003). This court reviews sentences imposed upon revocation of supervised release for reasonableness, using a deferential, abuse-of-discretion standard. *United States v. Bolds,* 511 F.3d 568, 575 (6th Cir. 2007). A district court abuses its discretion and imposes a procedurally unreasonable sentence when it fails to consider the factors under 18 U.S.C. § 3553(a) and/or fails to adequately explain the sentence imposed. *Gall v. United States,* 552 U.S. 38, 51 (2007).

A district court also abuses its discretion when it relies on facts not in the record at sentencing. *United States v. Dyck,* 334 F.3d 736, 743 (8th Cir. 2003). A sentence is substantively unreasonable if "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conaster,* 514 F.3d 508, 520 (6th Cir. 2008), citing *United States v. Webb,* 403 F.3d 373, 385 (6th Cir. 2005). Appellate courts are to set aside those sentences determined to be "unreasonable." *Rita v. United States,* 127 S. Ct. 2456, 2459 (2007).

*Argument*

The sentencing judge in the district court gave sparse articulation to his rationale for imposing the sentence on Timothy Jaimez for violation of his supervised release. After listening to both the prosecution and the defense each make their case, the judge discussed the fact that Mr. Jaimez had supposedly been with people who were planning to sell marijuana and stated

9

how importantly he must take the offense of marijuana and then sentenced Mr. Jaimez to 60 months in prison and six years of supervised release. (Sentencing Hearing Transcript 62, 63). In *U.S. v. Booker,* 125 S.Ct. 738 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory.

The other factors set forth in 18 U.S.C. § 3553 (a) must also be considered in fashioning the appropriate sentence. See *Booker,* 125 S.Ct. at 790 (sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determinations). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *Id; Booker,* 125 S.Ct. at 764; *U.S. v. Menyweather,* 431 F.3d 962 (9th Cir. 2005).

The list of factors specified in 18 U.S.C. § 3553 (a), is preceded by what is known as the parsimony principle, a broad command that instructs courts to "impose a sentence sufficient, but not greater than necessary, to comply with" the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Ibid.* A sentencing court is then directed to take into account "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed" to serve the

four overarching aims of sentencing. §§ 3553(a)(1), (2)(A)-(D); see *Gall v. United States,* 552 U.S. 38, 50, n. 6, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

"[T]he richness of factual diversity in cases calls on sentencing judges to consider all of the factors and to accord each factor the weight it deserves under the circumstances." *U.S. v. Biheiri* 356 F.Supp.2d 589 (E.D.Va. 2005) **"The record must contain the district court's rationale for concluding that the sentence imposed is 'sufficient but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a).'"** *Bolds* at 580 The record in the instant case is void of consideration of most of these 18 U.S.C. § 3553(a) factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

The sentencing judge gave no indication that he had considered that Mr. Jaimez had been working while on supervised release and was associating with his cousin, not violent criminals.

(2) The need for the sentence imposed:

(a) To reflect the seriousness of the offense, to promote respect for the law, to provide just punishment.

The original drug conspiracy in 2015 will already seriously affect Mr. Jaimez for the rest of his life. A sentence of a short term of incarceration would have been sufficient to promote respect for the law.

(b) Deterrence.

The new conviction itself will serve as a deterrence to Mr. Jaimez for the rest of his life.

(c) Protection of the public.

This offense is not a violent one.

(d) Educational, vocational, medical and other correctional treatment to be provided effectively.

Mr. Jaimez was initially working while on supervised release, however, the unique and extraordinary pandemic situation caused him to lose his job and have extensive idle time, which led him to fall back. The sentencing judge failed to address how such a significant punishment might benefit Mr. Jaimez personal growth.

(3) The kinds of sentences available.

The advisory directives of the sentencing guidelines include incarceration, supervised release and other sanctions. Continuing supervision, and giving Mr. Jaimez guidance with drug rehabilitation and employment, alone, would have been appropriate and sufficient.

(4) The Guidelines.

While the advisory guidelines may be consulted, they are but one component of many. Mr. Jaimez guidelines were driven by the assumption that being with one's cousin is the same as associating with violent criminals as well as the assumption that appearing to sell marijuana is a highly serious offense.

(5) Any pertinent policy statement.

Nothing was stated.

(6) Need to avoid unwarranted sentence disparities.

The sentence disparity created here is very drastic and harsh.

(7) Provide restitution.

Restitution is not an issue.

## CONCLUSION

The district court abused its discretion and imposed a substantively and procedurally unreasonable sentence in this case. The given sentence was procedurally unreasonable because the judge failed to sufficiently address the factors that set forth in 18 U.S.C. § 3553(a) as they would apply to this case. Furthermore, the sentence was substantively unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Mr. Jaimez respectfully asks this Honorable Court to vacate his sentence and remand his case to the district court for resentencing.

                                                    Respectfully submitted,

                                                    /s/ Andrew Schuman

                                                    Andrew R. Schuman
                                                    Counsel for Appellant

Date: May 15, 2023

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(g)(1) and the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains fewer than 13,000 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a monospaced typeface using Times New Roman font.

                                          Respectfully submitted,

                                          <u>/s/ Andrew Schuman</u>

                                          Andrew R. Schuman
                                          Counsel for Appellant

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was delivered to the U.S. Attorney's Office, 4 Seagate, Unit 308, Toledo, OH 43604 on the date of filing.

**Respectfully submitted,**

/s/ Andrew Schuman

Andrew R. Schuman
Counsel for Appellant

**ADDENDUM**

Order, docket entry 370, February 24, 2023, Page ID #: 2133