No. 23-3189

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

TIMOTHY JAIMEZ,

*Defendant/Appellant.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
_____

SUPPLEMENTAL BRIEF OF APPELLANT JAIMEZ
_____

JOSEPH MEDICI
Federal Public Defender

Kevin M. Schad
Attorney for Appellant
Appellate Director
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
513.929.4834
Kevin_schad@fd.org

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT .............................................................................................................1

I. THE COURT IMPOSED A SUBSTANTIVELY UNREASONABLE SENTENCE ....................................................................................................1

II. THE COURT COMMITTED PROCEDURAL ERROR AT SENTENCING ......................................................................................................5

    A. The sentence imposed was procedurally unreasonable because the court did not make sufficient findings as to 18 U.S.C. § 3553(a) factors .................................................................5

    B. Grade of violation ........................................................................7

CONCLUSION ........................................................................................................10

CERTIFICATE OF COMPLIANCE ......................................................................11

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Molina-Martinez v. United States*, 578 U.S. 189, 198, 136 S. Ct. 1338, 1345, 194 L. Ed. 2d 444 (2016) ...................................................................9

*United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019) ...............................2

*United States v. Byrd*, 843 F. App'x 751 (6th Cir. 2021) ........................................3

*United States v. Hall*, 20 F.4th 1085, 1098 (6th Cir. 2022) ....................................5

*United States v. Johnson*, 529 U.S. 53, 59, 120 S. Ct. 1114, 1118, 146 L. Ed. 2d 39 (2000) ...................................................................................3

*United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011) .........................................3

*United States v. Malone*, 846 Fed. Appx. 355, 362 (6th Cir. 2021) .......................7

*United States v. Manley*, 560 Fed. Appx. 434 (6th Cir. 2013) ...............................1

*United States v. Montgomery*, 893 F.3d 935, 940 (6th Cir. 2018) .........................8

United States v. Morris, 71 F.4th 475, 482 (6th Cir. 2023) ....................................6

*United States v. Owen,* 940 F.3d 308 (6th Cir. 2019) ............................................2

*United States v. Pennington*, 78 F.4th 955, 962 (6th Cir. 2023) .............................1

*United States v. Perez-Mendoza*, 625 Fed. Appx. 761 (6th Cir. 2015) ..................2

*United States v. Robinson,* 778 F.3d 515 (6th Cir. 2015) ......................................1

*United States v. Smith*, 79 F.4th 790, 794 (6th Cir. 2023) ......................................5

*United States v. Smith*, 958 F.3d 494, 500 (6th Cir. 2020) .....................................6

*United States v. Ushery*, 785 F.3d 210 (6th Cir. 2015) ..........................................2

*United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) .................................6

*United States v. Ziesel*, 38 F.4th 512, 519 (6th Cir. 2022) ......................................9

## Other Authorities

U.S.S.G. §7B1.3(a) ...................................................................................................7

# ARGUMENT

I. THE COURT IMPOSED A SUBSTANTIVELY UNREASONABLE SENTENCE

The district court's imposition of a 60 month sentence, which was the statutory maximum term the court could impose, was substantively unreasonable.

### Standard of Review

This Court applies an abuse of discretion standard of review to claims that a sentence is substantively unreasonable. *United States v. Pennington*, 78 F.4th 955, 962 (6th Cir. 2023).

"In reviewing claims for substantive reasonableness, we focus on whether a sentence 'is adequate, but not greater than necessary to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a).'" *United States v. Manley*, 560 Fed. Appx. 434, 441 (6th Cir. 2013) (internal citation omitted). The sentenced imposed must be "proportionate to the seriousness of the circumstances of the offense and offender." *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015). "In assessing whether that sentence is

substantively unreasonable, we in essence ask whether the 'sentence is too long.'" *United States v. Owen*, 940 F.3d 308 (6th Cir. 2019).

Substantive-reasonableness review allows the Court to consider "the totality of the circumstances." *United States v. Ushery*, 785 F.3d 210, 223 (6th Cir. 2015). A sentence may be substantively unreasonable if the district court acts arbitrarily in selecting the sentence, considers impermissible factors, fails to consider the § 3553(a) factors, or gives any pertinent factor an unreasonable amount of weight. *United States v. Perez-Mendoza*, 625 Fed. Appx. 761, 765 (6th Cir. 2015).

The statutory maximum sentence imposed was substantively unreasonable because the district court gave undue weight to one factor: the conduct underlying the revocation. The district court keyed in on this the almost exclusion of any other factor. (R.381, Revocation Hearing PAGE ID # 2212, 2215,2216) "If 'the court placed too much weight on some of the § 3553(a) factors and too little on others,' the sentence is substantively unreasonable regardless of whether the court checked every procedural box before imposing the sentence." *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019). Here, the court placed an unreasonable amount of weight on the violative conduct.

This undue weight also created another substantive reasonableness issue. A court may not impose punishment on a supervised release revocation, for conduct constituting the violation itself. *See United States v. Byrd*, 843 F. App'x 751, 759 (6th Cir. 2021). "When the violations are criminal and the subject of a separate prosecution, as in this case, the defendant may be placed in double jeopardy if punished for the same conduct in both proceedings." *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011).

Here, not only did the court key in on the possession of marijuana (violative conduct) to the exclusion of other factors, but Jaimez had already plead guilty to, and had been sentenced to a term of incarceration for that conduct. As noted above, this concerns double punishment which renders the statutory maximum sentence imposed unreasonable.

Finally, the sentence imposed was "too long," and exceeded the statutory purposes of supervised release supervision. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 120 S. Ct. 1114, 1118, 146 L. Ed. 2d 39 (2000). Here, the district court imposed the statutory maximum sentence on conduct where Jaimez was a passenger in a vehicle containing a substantial amount of marijuana. The state court believed this was misdemeanor conduct, and so

3

prosecuted and sentenced Jaimez as such. Normally, this would have resulted in only a Grade C violation, but the district court determined that the conduct was a felony under a preponderance standard. (R.381, Hearing PAGE ID # 2212) The court then imposed the maximum possible sentence. Jaimez provided evidence of his rehabilitation, and mitigating circumstances. This was not the worst form of the offense – and was not the worst form of supervised release violative behavior. A statutory maximum sentence was unnecessary under these facts. Resentencing should occur.

II.  **THE COURT COMMITTED PROCEDURAL ERROR AT SENTENCING**

Jaimez also submits that the sentence imposed was procedurally unreasonable, as the district court erroneously found that the violative conduct was a felony, not a misdemeanor, and the court did not make sufficient findings to support the sentence imposed.

### Standard of Review

Preserved procedural unreasonableness arguments are reviewed under an abuse of discretion standard. *United States v. Smith*, 79 F.4th 790, 794 (6th Cir. 2023).

### A. The sentence imposed was procedurally unreasonable because the court did not make sufficient findings as to 18 U.S.C. § 3553(a) factors

Jaimez addressed this issue in his initial brief, and the Government has responded.

At the outset, Jaimez agrees with the Government that in imposing a sentence, the district court need not engage in a "ritual incantation" of each 18 U.S.C. § 3553 factor at sentencing. *United States v. Hall*, 20 F.4th 1085, 1098 (6th Cir. 2022). Jaimez also agrees with the Government that when a sentence falls within the advisory Guidelines range, a lengthy explanation, for its own sake, is not required. *United States v. Smith*, 958 F.3d 494, 500 (6th

5

Cir. 2020). However, "[t]he sentencing court has an obligation to 'adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *United States v. Morris*, 71 F.4th 475,483 (6th Cir. 2023). This wasn't done here. The court's findings as to the sentence imposed were wholly inadequate to allow this Court to make a substantive review of the sentence imposed. (R.381, Hearing PAGE ID # 2214) As such, even under a plain error standard, resentencing is required. *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

Further, to the extent that the district court did articulate the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as the Government suggests, this was improper – and reversible procedural error. "Under 18 U.S.C. § 3583(e), only certain § 3553(a) factors are relevant following revocation of supervised release." United States v. Morris, 71 F.4th 475, 482 (6th Cir. 2023)(revocation court should consider 3553 factors (a)(1), (a)(2)(B)(C), and (D), (a)(4), (a)(5), (a)(6), and (a)(7)). 18 U.S.C. § 3553(a)(2)(A) is not one of the factors. And yet the Government contends it was one of the key factors relied upon by the district court. (Government Brief Page: 22-23) It was procedurally unreasonable for the court to consider and

6

key in on this factor in the revocation sentence. Resentencing is required in this case.

### B. Grade of violation

Jaimez also submits that the district court erred in determining that his conduct was a Grade A, and not a Grade C violation. Jaimez was convicted in district court of a misdemeanor, which would qualify him for a Grade C guideline. However, the district court utilized a Grade A guideline for the violation, which exponentially increased the advisory Guidelines range. This was procedural error.

If a district court finds that a defendant has violated the conditions of their supervision, a "key consideration" when determining a proper sentence "is the grade of the most serious violation." *United States v. Malone*, 846 Fed. Appx. 355, 362 (6th Cir. 2021). "Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release. Upon a finding of a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. §7B1.3(a).

Jaimez recognizes that in determining the appropriate grade of violation, the district court was not bound by the findings of the state court,

7

but could consider the "actual conduct" underlying the violation. *United States v. Montgomery*, 893 F.3d 935, 940 (6th Cir. 2018). The district court's findings, however, did not sufficiently prove a felony, such that a Grade A violation occurred. The district court's findings are set forth at the revocation hearing at PAGE ID 2212. The court found:

> They were abroad with a lot of marijuana, and I believe, and I think that the record provides me with an ample basis for doing so, at least by a preponderance of the evidence, which is the standard here, that they weren't going to find a pipe and smoke it on their own, going to roll it in a cigarette or whatever they do. They were going to distribute it, and they were going to make money distributing. Society increasingly shrugs their shoulders about marijuana, but I can't and don't.

(R.381, Hearing PAGE ID # 2212)

The main problem with this finding is that it relies solely on the amount of marijuana found. Although the amount may have been above personal use amount, there is no evidence in the record that Jaimez's intent was to distribute the marijuana. He was in a vehicle which contained several other persons. There was no evidence of ownership of the marijuana found. Moreover, the marijuana was located under Carrizales's car seat, not his. There are no findings by the district court that Jaimez knowingly and

8

intentionally joined in distributive type conduct, so as to support the felony finding.

This procedural error requires resentencing. "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198, 136 S. Ct. 1338, 1345, 194 L. Ed. 2d 444 (2016). "The Government bears the burden of proof and 'it must demonstrate 'to the [c]ourt with certainty that the error at sentencing did not cause the defendant to receive a more severe sentence." *United States v. Ziesel*, 38 F.4th 512, 519 (6th Cir. 2022). Resentencing is required.

## CONCLUSION

For the foregoing reasons, as well as those presented in the initial brief, Jaimez respectfully requests this Court vacate the sentence, and remand this matter for further proceedings consistent with this Court's decision.

Respectfully Submitted,

JOSEPH MEDICI
Federal Public Defender

/s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant
Appellate Director
Office of the Federal Public Defender
Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the foregoing brief contain 2184 words in Century Schoolbook (14-point) type. The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kevin M. Schad*
Kevin Schad
Counsel for Appellant

CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Assistant United States Attorney Ava R. Dustin

/s/ *Kevin M. Schad*
Kevin Schad
Attorney for Appellant